**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| PAUL CUMMINGS ET. AL., | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:07-CV-189 (TJW) |
| | § | |
| SUNRISE MEDICAL HHG, INC., | § | |
|     Defendant. | § | |
| | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Sunrise Medical HHG, Inc.'s, ("Sunrise") Motion to Transfer Venue. After considering the filings of the parties and the applicable law, the Court GRANTS Defendant's motion to transfer venue for the reasons expressed below.

**I.      Factual Background**

The original complaint was filed on May 14, 2007. The plaintiffs reside or Hutchinson County, Texas, which is in the Northern District of Texas, Amarillo Division ("Amarillo Division"). Ashley Renee Cummings ("Ms. Cummings") died in the hospital following a vehicle accident on December 18, 2005, in which Ms. Cummings's mother ("Mrs. Cummings") was the driver. The accident occurred in Hutchinson County.

Ms. Cummings was a third grade student at the time of her death and suffered from a physical handicap that required her to be an a wheelchair at the time of the accident. That accident was investigated by Department of Public Safety Texas Highway Patrolman Darrin Bridges. Plaintiffs allege that Ms. Cummings suffered disfigurement, conscious physical and emotional pain, torment, mental anguish, and/or emotional distress prior to her death and they seek damages for those alleged

injuries.  Plaintiffs are also seeking damages for past and future loss of care, maintenance, support, services, advice, counsel, reasonable contributions of pecuniary value, loss of companionship and society, and mental anguish as a result of Ms. Ashley's injuries.

Ms. Cummings lived in Hutchinson County and received treatment for the condition which caused her handicap in Hutchinson County.  The majority of the medical providers (and possibly all of her medical providers) who treated Ms. Cummings for the condition that caused her handicap reside in the Amarillo Division.

Following the accident in question, Ms. Cummings was transported to Northwest Hospital in Amarillo, Texas.  Ms. Cummings passed away roughly ten (10) hours following the accident in question.  The majority (if not all) of the personnel who treated Ms. Cummings following the accident in question reside in the Amarillo Division.

A.R.T. Group, the division of Sunrise Medical HHG, Inc., that sold the apparatus that secured Ms. Cummings in the plaintiffs' vehicle (the "harness system") at the time of the accident sells only to qualified dealers and suppliers.  It does not sell directly to the public or to end users.  The defendant sold the harness system at issue in this case to BritKare Home Medical ("BritKare"), which has offices in Amarillo, Texas and Pampa, Texas.  Kathey Smoot services BritKare's account with the A.R.T. Group.  Ms. Smoot lives in Mesquite Texas, which is in the Northern District of Texas.

## II.    Discussion

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any district or division where it might have been brought." 28 U.S.C. § 1404(a) (2004).  It is within the district court's sound discretion whether

to transfer venue under section 1404(a).  *Mohamed v. Mazda Corp.*, 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000).  When considering whether to transfer venue, the district court "must exercise its discretion in light of the particular circumstances of the case." *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001); *In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678, 688 (E.D. Tex. 1999) (stating that district courts have the discretion to decide whether to transfer venue according to "individualized, case-by-case consideration of convenience and fairness").

When deciding whether to transfer venue, the court balances the following two categories of interests: "(1) the convenience of the litigants, and (2) the public interests in the fair and efficient administration of justice." *Hanby*, 144 F. Supp. 2d at 676.  The convenience factors weighed by the district court are the following: (1) the plaintiff's choice of forum; (2) the convenience of the parties and material witnesses; (3) the place of the alleged wrong; (4) the cost of obtaining the attendance of witnesses and the availability of the compulsory process; (5) the accessibility and location of sources of proof; and (6) the possibility of delay and prejudice if transfer is granted.  *Mohamed*, 90 F. Supp. 2d at 771.  The court also balances the following public interest factors: (1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of unnecessary problems in conflict of laws.  *Id.*  The moving party bears the burden of demonstrating that venue should be transferred to another forum.  *Hanby*, 144 F. Supp. 2d at 676. To meet this burden, the moving party must show that "good cause" exists to transfer the case.  *See In re Volkswagen*, 2007 WL 3088142, *7 (5th Cir. 2007).  "[T]o show good cause means that a moving party must demonstrate that a transfer is 'for the convenience of parties and witnesses, in the interest of justice.'" *Id.* (citations omitted).

A.      *Convenience Factors*

## 1.  The plaintiffs' choice of forum

The plaintiffs' choice of forum is neither controlling nor determinative, but is still a factor to be considered. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003). "Plaintiff's choice of forum is entitled to deference." *In re Volkswagen*, 2007 WL 3088142, *7. The plaintiffs chose to bring their suit in the Eastern District of Texas, Marshall Division. Therefore, this factor weighs against transfer.

## 2. The convenience of parties and material witnesses

The court will first assess the convenience of the parties. The convenience of the parties is accorded less weight in a transfer analysis than the convenience of non-party witnesses. *Shoemake*, 233 F. Supp. 2d at 832. In this case, the plaintiffs reside in the Amarillo Division. The defendant has offices in at least two states, California and Colorado. The Eastern District of Texas is no more convenient for the defendant than the Amarillo Division. The Amarillo Division is more convenient for the plaintiffs, but they chose to bring suit in the Eastern District of Texas. This court considers this factor to be neutral because the plaintiffs opted to bring suit in the Eastern District of Texas and the Amarillo Division is no more convenient for the defendant than the Eastern District of Texas.

The court now considers the convenience of the witnesses. Generally, in a venue transfer analysis, the most important factor considered is whether "key fact witnesses" will be substantially inconvenienced if the court should deny transfer. *Mohamed,* 90 F. Supp. 2d at 774. Further, the convenience of non-party witnesses weighs more heavily in favor of transfer than the convenience of party witnesses. *Shoemake*, 233 F. Supp. 2d at 832. The moving party must "specifically identify key witnesses and outline the substance of their testimony." *Mohamed*, 90 F. Supp. 2d at 775

(quoting *Hupp v. Siroflex of America, Inc.*, 848 F. Supp. 744, 749 (S.D. Tex. 1994)).

The defendant has provided evidence and represented to the court that the vast majority, if not all, of the key third party witnesses are located in the Northern District of Texas.  A significant portion of the plaintiffs' damages claims relate to Ms. Cummings' physical and mental condition following the accident.  Ms. Cummings was transported to Northwest Texas Hospital in Amarillo, Texas following the accident and the treating physicians, EMS personnel, nurses, and other medical providers reside in the Northern District of Texas.  The testimony of those witnesses is fundamental to a significant portion of the damages that the plaintiffs claim.

Additionally, the Texas Highway Patrolman who investigated the accident, Darrin Bridges, resides in the Amarillo Division.  He will likely be a key witness in this case.

Finally, the medical personnel who treated Ms. Cummings prior to the accident reside in the Northern District of Texas.  Ms. Cummings's prior medical condition is a very important aspect of the plaintiffs' damages claims.

The defendant specifically identified a large number of key non-party witnesses who reside in the Amarillo Division.  This factor weighs heavily in favor of transfer.

### 3. The place of the alleged wrong

This issue is in dispute.   The cornerstone of the plaintiffs' claims is the crashworthiness of the harness system.  The plaintiffs claim that the location of the accident is irrelevant, while the defendant takes the opposite position. At the September 21, 2008 hearing on this matter, the plaintiffs' counsel, Mr. Tracy, argued that the plaintiffs are not contesting the cause of the accident or fault related to the accident.  Instead, they are solely concerned with the crashworthiness of the harness system.   However, the court finds that the crashworthiness of the harness system is

inextricably linked to the facts of the crash.  The details of the accident directly bear on the crashworthiness of the harness system.  It is impossible to determine whether the harness system is defective without accounting for the nature of the accident.  Consequently, the court finds that this factor favors transfer.

### 4.  The cost of obtaining the attendance of witnesses and

### the availability of compulsory process

The majority of fact witnesses (if not all) in this case are located in the Amarillo Division. The court recognizes the difficulty and expense associated with making witnesses who reside in the Amarillo Division available for a trial Marshall, Texas.  This difficulty is exacerbated by the nature of the employment of many of the fact witnesses.  Many of the fact witnesses are health care and public safety workers.  Compulsory process is available to the court in both trial locations, but this factor favors transfer.

### 5. The accessibility and location of sources of proof

The court notes that this factor has become less significant in a transfer analysis because of the advances in copying technology and information storage.  *Mohamed*, 90 F. Supp. 2d at 778.  It is clear that the relevant documents and the sources of evidence are located in the Amarillo Division. In the court's view, this factor weighs in favor of transfer.

### 6.  The possibility of delay and prejudice if transfer is granted

The Fifth Circuit has suggested that this factor may be relevant in a transfer analysis "only in rare and special circumstances and when such circumstances are established by clear and convincing evidence." *Shoemake*, 233 F. Supp. 2d at 834 (citing *In re Horseshoe Entm't*, 305 F.3d 354, 358 (5th Cir. 2002)).  The trial date is set in April, 2008.  The court does not believe that

Plaintiffs would be prejudiced by transferring the case.  This factor is neutral.

        *B.       Public Interest Factors*

### 1. The administrative difficulties caused by court congestion

The court is not aware of any administrative difficulties flowing from the Amarillo Division, but not the Eastern District of Texas, Marshall Division.  Therefore, this factor is neutral.

### 2.  The local interest in adjudicating local disputes

The healthcare facility, physicians, and care-givers are located in the Amarillo Division.  In addition, the plaintiffs reside in the Amarillo Division, the decedent resided in the Amarillo Division, and the officer investigating the accident resides in the Amarillo Division.  Therefore, this factor weighs in favor of transfer.

### 3. The unfairness of burdening citizens in an unrelated forum with jury duty

Although neither party addresses this issue, it appears that residents in the Amarillo Division have an interest in this matter.  This factor favors transfer.

### 4. The avoidance of unnecessary problems in conflict of laws

The plaintiffs assert claims based on Texas state law.  Consequently, the court finds that this factor is inapplicable in this transfer analysis.

**III.    Conclusion**

    Upon application of the section 1404(a) factors to this case, the court has exercised its discretion and has concluded that transfer to the Amarillo Division of the Northern District of Texas is warranted.  Accordingly, the court GRANTS Defendant's Motion to Transfer Venue.  This case is hereby transferred to the Northern District of Texas, Amarillo Division.

SIGNED this 16th day of November, 2007.

_____

T. JOHN WARD
UNITED STATES DISTRICT JUDGE